## JOSEPH DRAKE, et al., v. JOHN D. WILLIAMS.

PARTNERSHIP DEBT, *Due Member of Firm; Action to Compel Payment.* A partnership firm owed W., one of its own members, $133 on a book account. The interest of W. in said partnership consisted of a one-fifth interest, besides said book account. W. sold his interest in the partnership to D. and R., and they agreed to pay all claims, debts and demands, *against his share.* Afterward W. sued D. and R. on said agreement for the amount of his said claim, and obtained judgment for the *full amount* thereof. *Held*, That such judgment was and is erroneous.

### *Error from Osage District Court.*

ACTION by *Williams* against *Drake* and *Ramskill*, to recover a debt alleged to be due to plaintiff from a partnership consisting of plaintiff, defendants, and others, and which plaintiff claims was assumed by defendants. The pleadings, and the facts, fully appear in the opinion, *infra*. *Williams* had judgment for $133, at the January Term 1875 of the district court, and defendants bring the case here on error for review.

*James Rogers*, for plaintiffs in error.

*Ellis Lewis*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This case was commenced before a justice of the peace, and was appealed to the district court. In the district court the parties filed new pleadings, which are as follows:

(*Court, and Title.*) "The said plaintiff complains of the said defendants for that heretofore, to-wit, on the 1st day of January 1871 there existed a partnership composed of Henry Harris, James J. Davis, John M. Rees, Evan Williams and John Williams, and called the 'Kansas Coal Company;' that said partnership continued to exist and do business until about the 31st of August 1873, when it dissolved; that on the 15th of January 1872, the said Kansas Coal Company became and was indebted to said plaintiff for work and labor before that time done for said Kansas Coal Company,

at their request; for money loaned to said company, at their request; for money laid out and expended by said plaintiff for said company, at their request; for goods, wares and merchandise before that time sold and delivered to said company by plaintiff, at their request; for balance due on account stated by said company to said plaintiff for boarding the hands of the said company, at their request—a more particular bill of which is hereto attached, herein referred to, and made a part hereof, and marked 'A,' in all amounting to two hundred dollars; and the said company never paid said sum, or any part thereof, to plaintiff. Plaintiff further says, that on or about the 4th of September 1873, the said defendants entered into an agreement, for a good consideration, with the plaintiff and James J. Davis, (a copy of which agreement is not herein set forth for the reason that the original is in. the hands of defendants, uncontrolled by plaintiff, and plaintiff has no copy, and can procure none,) that said defendants were to pay off all the debts of the said Kansas Coal Company; and plaintiff says that the said Kansas Coal Company was then indebted to said plaintiff as aforesaid, and that by virtue of said agreement with said defendants the defendants are indebted to said plaintiff in the sum of $200, but refuse to pay. Wherefore plaintiff prays judgment against the defendants for the sum of two hundred dollars, and interest, and costs of suit.

"SHELDON & THOMSON, Attorneys for Plaintiff."

ANSWER:—(*Court, and Title.*) "And now comes the said Joseph Drake and James Ramskill defendants, and for answer to the amended petition of said plaintiff John Williams herein say:

"I. For a first defense to the said amended petition, the defendants deny each and every material allegation therein contained.

"II. For a second defense, these defendants, Joseph Drake and James Ramskill, say, that on the 4th of September 1873 they did enter into an agreement in writing with the said J. J. Davis, and said plaintiff under the name of 'John D. Williams,' relative to the purchase of their interest in the Kansas Coal Company; and these defendants further say that said contract is not in terms as is alleged in said plaintiff's amended petition; but that by the terms of said contract, they, these defendants, were to pay off all the claims, debts and demands now due or contracted to become due as against

the share of the said J. J. Davis and John D. Williams, and that the share of the said John D. Williams in said Kansas Coal Company was only a one-fifth interest; and these defendants further say that the said John D. Williams by the terms of said contract assigned to these defendants all his right and interest in and to all money due the said Kansas Coal Company in which he had an interest; and the defendants further say, that by the terms of the said agreement the plaintiff assigned all his interest in and to all notes and book accounts in which the said John D. Williams has an interest; and the defendants further say, that the annexed instrument in writing marked exhibit 'A' is the original agreement referred to in plaintiff's amended petition. Wherefore, the defendants say that they are not indebted to said plaintiff as alleged, and pray that they may have their costs herein in this behalf expended.

"JOSEPH DRAKE, JAMES RAMSKILL,
        "By their attorney, James Rogers."

EXHIBIT "A."—Know all men by these presents, that I, J. J. Davis and John D. Williams, of the county of Osage and the state of Kansas, this 4th of September 1873, sold and transferred unto James Ramskill and Joseph Drake, of the same place, all our right, title and interest in and to a certain lease on the following described real estate, to-wit, the northwest quarter of section 25, township 15, range 14, in said county of Osage, being the premises now occupied and worked by the Kansas Coal Company, in said county and state. Said sale and transfer is in and for consideration of $1,800, to be paid as follows: on the signing of this contract, three hundred dollars; and on the 4th of March 1874, the further sum of five hundred dollars; and on the 4th of September 1874, the further sum of five hundred dollars, with interest on the last-mentioned sum at seven per cent. per annum from this date; and on the 4th of March 1875, the further sum of five hundred dollars, with interest at the rate of ten per cent. per annum from the date hereof. The said J. J. Davis and John D. Williams also, in consideration of the foregoing stipulation, hereby assign to the said James Ramskill and Joseph Drake all our right, title and interest in and to all the buildings on said premises, and all the mules, horses, and fixtures, and tools in and out of said coal mines, and all things whatsoever used in and out in the working of said mines.

"The said James Ramskill and Joseph Drake are by the

terms of this sale to pay all the claims, debts and demands now due or contracted to become due as against the share of the said J. J. Davis and John D. Williams; and the said Davis and Williams hereby assign to the said James Ramskill and Joseph Drake all their right, title and interest in and to all money due the said Kansas Coal Company in which they the said Williams and Davis have an interest, together with their interest in all notes and book accounts in which they the said Williams and Davis have any interest by the terms of this assignment. The said James Ramskill and Joseph Drake are to have and retain all money now due the said Kansas Coal Company, that is to say, that portion of said money, notes, accounts in which the said Williams and Davis have an interest, and the same is hereby transferred to the said Ramskill and Drake.

J. J. DAVIS, [L.S.]
September 4th, 1873. JOHN D. WILLIAMS, [L.S.] .

REPLY.—(*Court, and Title.*) "And now comes the said plaintiff, and denies each and every allegation of the defendants, except the making of the agreement in the petition and in the answer alleged. And for further reply, the plaintiff says he has duly performed all the conditions of the said agreement on his part to be performed, but that the defendants have wholly failed to perform the conditions of said agreement on their part to be performed.

SHELDON & THOMSON, *Att'ys for Plff.*"

After the foregoing pleadings were filed, the defendants below moved for judgment thereon, which motion the court overruled, and the defendants excepted. A jury was then impanneled to try the cause. The plaintiff below then offered to introduce evidence to prove his alleged cause of action, but defendants objected thereto, on the ground that the petition did not state facts sufficient to constitute a cause of action. The court overruled the objection, and permitted the evidence to be introduced, and the defendants again excepted. The plaintiff then proved his cause of action substantially as it was alleged in his petition, except that he proved the contract between himself and the defendants to be precisely as the defendants alleged that it was in their answer. The defendants objected and excepted to much of the evidence that was in-

troduced on the trial, and this they did for various reasons. The court gave general instructions to the jury, to each of which the defendants excepted. The jury, upon the evidence and the instructions, found a verdict in favor of the plaintiff and against the defendants for $133. The defendants then moved the court for a new trial, upon various grounds, which motion the court overruled, and the defendants again excepted. The court rendered judgment in accordance with the verdict of the jury. The defendants now bring the case to this court, assigning various grounds for error, and ask for a reversal of the judgment of the court below.

We think said judgment should be reversed. The plaintiff cannot maintain such an action as he is endeavoring to maintain upon said contract, (mentioned in his petition, set out in full as exhibit "A" to the answer, admitted by the reply, and proved on the trial.) It appears from the pleadings and the evidence in the case that a copartnership existed under the name of the "Kansas Coal Company." The plaintiff was a member of that copartnership, or company. The company owed him $133. Afterward, and by the terms of said contract, he sold his interest in said company to Drake and Ramskill, the present defendants. His whole interest in the company consisted at that time of a one-fifth interest in the company, and a claim against the company for said $133. Whether he intended to sell to Drake and Ramskill his whole interest, including said claim for said $133, is not however quite clear. That portion of the contract which would tend to show that he intended to sell his interest in said claim, along with his other interest in the company, reads as follows: "And the said Davis and Williams hereby assign to the said James Ramskill and Joseph Drake all their right, title and interest in and to all money," etc., "together with their interest in all notes and *book accounts* in which they the said Williams and Davis have an interest by the terms of this assignment," etc. Now at this time, Williams and Davis each had a fifth interest in said company. Each in addition thereto had a claim against the company for

money coming to them respectively.   The claim of each was founded on a "book account," and the claim of Williams was for said $133.   Now if the plaintiff Williams assigned his said "book account" to Drake and Ramskill, of course he cannot recover in this action, or in any other action.   But suppose that he did not so assign the same, (and probably he did not intend to do so, even if the terms of his contract might be so construed,) then can he recover in this action? We think not.   His remedy, if he has any, would be a suit of equity against his former partners, the other members of the "Kansas Coal Company," for an accounting.   In such suit, Drake and Ramskill, as assignees of his interest, would however be proper parties.

But the plaintiff claims that the defendants agreed in said contract to pay his said claim.   Now the only thing in said contract upon which the plaintiff can found any such claim reads as follows:  "The said James Ramskill and Joseph Drake are by the terms of this sale to pay all the claims, debts, and demands now due or contracted to become due as against the share of the said J. J. Davis and John D. Williams."   Now it will be seen that the defendants did not agree to pay the plaintiff's claim, but they agreed only to pay such claims as might come against the plaintiff's share. There is nothing in the record that tends to show that the defendants ever knew that the plaintiff ever had any such claim until long after said contract was made.   But as the defendants agreed to pay all claims against the plaintiff's share, it will be necessary to consider whether the plaintiff had any claim against his own share.   Could he have sued himself?   Had he any cause of action against himself?   Was he himself liable for what the company owed him?   All these questions must certainly be answered in the negative. The plaintiff certainly had no claim against himself.   He could have sued the other members of the company for an accounting and settlement, but he could not have sued himself.   And even when his claim should at any time be paid out of the common property of the company, the plaintiff

could not, in any sense, be considered as paying more than one-fifth of his own claim, for he would have only a one-fifth interest in said property. And he could not in any event have an execution against himself, or against his own individual property for the payment of his own claim. He would have no action at law against himself, or against any other person or persons, in which such an execution could be issued. His only remedy would be in equity. And after exhausting his remedy in equity against the property of the firm, and against the individual property of his copartners, his remedy would cease. But the court below ruled differently. Although this is purely an action at law, and although the plaintiff could not in any sense even in equity be considered as responsible for the payment of more than one-fifth of his own claim, yet the court below rendered a judgment at law against the defendants and in favor of the plaintiff for the whole amount of the plaintiff's claim. This was clearly erroneous. If the plaintiff in any sense sold a liability against himself so as to make his vendees liable therefor, the liability could not under any view of the case have been for more than one-fifth of the amount for which said judgment was rendered.

The judgment will be reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.