R. AXMAN v. WILLIAM J. DUEKER *et al.*

ATTACHMENT—*Garnishment—Answer—No Collateral Attack.* Where, in a suit commenced in the district court, garnishment and attachment proceedings have been instituted, and the defendant has made a special appearance to contest the jurisdiction of the court over the subject-matter of the action, and an adverse ruling has been obtained; and there is sufficient in the record to show that the court had jurisdiction over the subject-matter: *Held,* That the order of the court requiring the garnishee to answer, and the other proceedings in attachment, cannot be attacked collaterally, and that such order and proceedings are conclusive, until reversed or set aside in a direct action.

*Error from Geary District Court.*

THE opinion states the facts.

*J. R. McClure,* for plaintiff in error.

*Thomas Dever, J. V. Humphrey,* and *David Overmyer,* for defendants in error.

Opinion by GREEN, C.: On the 12th day of May, 1887, C. F. Ziegler commenced an action in the district court of Davis (now Geary) county, against L. C. Pfaffenberger, who was a non-resident of the state, and caused an order of attachment to issue. Service was made upon the defendant by publication. The affidavit for the attachment stated that the defendant was a non-resident and had property in Davis county, and that one William J. Dueker, of said county, had moneys and credits and effects in his hands and under his control and was indebted to the defendant. A copy of the order of attachment was delivered to Dueker. On the 19th day of September, 1887, Pfaffenberger entered a special appearance in the district court, and made a motion to dismiss the action commenced by Ziegler and to set aside the service by publication, the order of attachment and garnishee notice, for the following reasons:

"1. The publication failed to show that service of summons could not be made.

"2. The return of the sheriff to the order of attachment did not show that any property had been attached or garnished.

"3. No legal notice of attachment or garnishment proceedings had been made, as required by law."

Upon this motion, the court held that there was sufficient in the record to compel Dueker to answer, as garnishee, touching his indebtedness to Pfaffenberger; to which ruling the defendant excepted. The garnishee answered, and was ordered to retain the money in his hands, until the further order of the court.

On the 11th day of January, 1888, the plaintiff, R. Axman, as the assignee of Pfaffenberger, commenced an action against Dueker, the garnishee, to recover the amount due upon a promissory note executed by Dueker to Pfaffenberger. Upon the application of the defendant, Ziegler was made a defendant, and his interplea set out the attachment proceedings and he claimed a lien upon the money due from the defendant by virtue of such proceedings. The court below found that Ziegler had a lien upon the money sued for in this action, to the amount of $565.83, and his costs, taxed at $38.05 under the attachment and garnishment proceedings in the case of Ziegler v. Pfaffenberger, and awarded judgment for the plaintiff for the balance due on the note. To this judgment the plaintiff in error excepted and brings the case here for review.

The claim is made that before judgment could have been entered there must have been a finding by the court in the case of Ziegler v. Pfaffenberger, that complete jurisdiction had been acquired, both over the person and the subject-matter of the action, in the manner authorized by law, and that where a garnishee pays a judgment against himself, based upon a judgment without jurisdiction, he is not protected by the judgment against a subsequent action by the principal defendant or other creditor. This statement of the legal proposition may be true, but the only question for our determination in this case is, whether the court acquired jurisdiction over the subject-matter of the suit. The suit instituted by Ziegler was to

subject the money owing by Dueker to Pfaffenberger to the payment of his debt; hence, it was a proceeding *in rem*, and we think there was sufficient evidence in the record to give the court jurisdiction; besides, the defendant in this case made a special appearance for the purpose of contesting the jurisdiction of the court over the very subject-matter of the action and obtained an adverse ruling, and this ruling still stands of record, and is conclusive until reversed or set aside in a direct proceeding, and the plaintiff in error could not attack the proceedings had in that case in the trial of this. (*In re Dill*, *Petitioner*, 32 Kas. 691.)

The general rule is, that a garnishee is protected by the order and judgment of the court, notwithstanding error and irregularity in the proceedings, and an order of court that the garnishee pay into court the sum attached, in his hands, cannot be collaterally attacked if the court has jurisdiction and there has been no appeal. (Waples Att. 522; *Wilson v. Bonney*, 8 Neb. 39; *Gray v. Canal Co.*, 5 Abb. N. Cases, 131.)

Upon the question of adjudication in such proceedings, this court has said:

"The old rule, that the decision made upon a motion is not *res adjudicata*, and does not prevent a reëxamination of the question decided in the more regular form of a suit either at law or in equity, no longer obtains in its former strictness. Regard is now had less to the form of the proceedings, and more to the substance and condition of the decision." (*Hoge v. Norton*, 22 Kas. 375; *Wilson v. McIntosh*, 30 id. 234.)

The judgment of the court should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.