### THE BANK OF SANTA FÉ v. THE HASKELL COUNTY BANK.

ERRONEOUS JUDGMENT, *Valid Until Set Aside.* An erroneous judgment rendered by a court having jurisdiction of the subject-matter of the action and the persons of the parties is valid and binding until set aside or reversed.

*Error from Haskell District Court.*

ACTION by the *Haskell County Bank* against the *Bank of Santa Fé* to recover the amount of a certificate of deposit. Judgment for plaintiff, and defendant comes to this court. The opinion states the facts.

*H. F. Mason,* and *Milton Brown,* for plaintiff in error.

*A. J. Hoskinson,* and *Joseph Rosenthal,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: This action grows out of the same state of facts as the case of *Haskell Co. Bank v. Bank of Santa Fé,* just decided, and a reference to that case will give a more perfect understanding of the decision in this. This was a suit brought by the Haskell County Bank against the defendant to recover the sum of $2,000 and interest, on a certificate of deposit alleged to have been executed by the defendant bank in favor of plaintiff. An answer was filed, alleging, in substance, the same matters as are set up in the

petition in the other case referred to. Afterward, a supplemental answer was filed, alleging that on the —— day of ————, 1888, the matters and things involved in said action were fully tried in this court, upon issues pending between the same parties, wherein the things involved were identical with the matters involved in this action, and the parties to this action were parties to the action wherein the said adjudication was held in the same quality; and that in said action tried and determined as aforesaid judgment was rendered in favor of this defendant, and this defendant now and here, as a part of this supplemental answer, files herewith, attached hereto as part hereof, a certified copy of the journal entry of the judgment in said former adjudication. In the judgment attached to the answer, we find the following, after formal judgment for the damages:

"And that the certificate of deposit for $2,000, issued by plaintiff to the Haskell County Bank on September 5, 1888, as mentioned and described in the pleadings, be and the same is hereby annulled and canceled and held for naught, and plaintiff is forever released from any liability thereunder; and it is further ordered, that said defendants, and each of them, be, and they are each of them hereby, forever enjoined from, in any manner or form, setting up, prosecuting, or attempting to set up or prosecute, any claim upon plaintiff, its stockholders or assigns, by virtue or reason of said void certificate of deposit, or from, in any manner or at any time, by reason of said certificate of deposit, doing or attempting to do anything to the injury of plaintiff's business, credit, or financial standing."

To this answer the plaintiff replied, (1) generally denying the allegations of the answer. Then follows the averment:

"Plaintiff, for further reply to said answer and supplemental answer, says that the defendant, prior to the filing of its answer in this case, commenced suit in this court against the defendant and others, for damage for procuring the certificates of deposit sued on in this action by fraudulent representations, and thereby, with a full knowledge of all the facts, elected to affirm the contract upon which said certifi-

cates of deposit were executed, and is estopped from pleading the same as a defense in this action."

On the trial, the defendant introduced the record in the case of the Bank of Santa Fé against C. D. Ream and others, showing the final judgment entered in that case canceling the certificate of deposit sued on herein, and also offered evidence showing the identity of the certificate mentioned in that action with the one sued on in this. The plaintiff demurred to this evidence, and the court sustained the demurrer, and rendered judgment in favor of the plaintiff for the amount of the certificate.

It is hardly worth while to spend time in any discussion of this case. The judgment offered in evidence was conclusive between the parties until reversed. The fact that various causes of action were improperly joined, and an improper judgment rendered by the court, did not render such judgment void. We see no stronger ground for holding the judgment canceling the certificate void than for holding the judgment for damages void. Though erroneous, the whole judgment was valid and binding until set aside or reversed. It is impossible to conceive how the same court which rendered the first judgment could have held its own judgment absolutely void, as it must have done in this case. The judgment will be reversed, and a new trial ordered.

All the Justices concurring.