THE STATE OF KANSAS, *ex rel. Edgar Roberts, as County Attorney, etc.,* v. H. V. LAWRENCE.

No. 15,735.    (92 Pac. 1131.)

SYLLABUS BY THE COURT.

MANDAMUS—*Delivery of Official Records—Parties.* Where the title to the office of county treasurer has been determined by the district court on proceedings in error from a contest court, and the execution of such judgment is not stayed, the state may, upon the relation of the county attorney, maintain mandamus to compel the delivery of the money, books and records of the office to the person so adjudged to be elected, although the defeated party in the contest is prosecuting proceedings in error in this court from such judgment.

Original proceeding in mandamus.    Opinion filed December 7, 1907.    Writ allowed.

*Edgar Roberts,* county attorney, *G. L. Miller,* and *O. H. Foster,* for The State.

*A. M. Harvey,* and *Albert Hoskinson,* for defendant.

The opinion of the court was delivered by

BENSON, J.: This is an action in mandamus to compel the defendant to pay over to A. C. Wheeler, who claims to be treasurer of Finney county, the money in the defendant's hands or in his control, as former treasurer, and to deliver to Wheeler the books, records and papers belonging to the office of county treasurer of Finney county. An alternative writ has been issued and an answer filed. The case is submitted upon the pleadings and an agreed statement.

The material facts are as follow: At the general election held in Finney county in November, 1904, the defendant was duly elected treasurer of said county, and qualified and acted as such, for the official term beginning on the second Tuesday of October, 1905. At the general election held in November, 1906, the defendant and A. C. Wheeler were opposing candidates for election to that office. On the canvass of the

votes it was determined that A. C. Wheeler had received the greatest number of votes and was duly elected county treasurer, and a certificate of election was issued to him on the 10th day of November, 1906, and he qualified as such county treasurer. The defendant contested the election in a trial before the county contest court, which resulted in a judgment that the contestee, A. C. Wheeler, was duly elected. This judgment was affirmed in the district court of Finney county. The case was then taken to this court upon proceedings in error, by the defendant, and is now pending here.

On the completion of the tax-roll for the present year the board of county commissioners of Finney county caused it to be placed in the hands of A. C. Wheeler, as county treasurer; all other records of the treasurer's office are in possession of the defendant, in the room occupied by him as treasurer during his term. Wheeler demanded of the defendant the money, books and papers in his hands as treasurer, which demand was refused. The county attorney then brought this action.

Upon these facts the defendant contends: First, that the action cannot be maintained by the county attorney —that it is really an action for the possession of the office, and that Wheeler is the real party in interest; second, that mandamus will not lie in any event, *quo warranto* being the only appropriate remedy; and, third, that even if properly brought the action ought not to be maintained because the title to the office will be soon determined in the case now pending in this court.

That the county attorney may maintain proceedings in *quo warranto* to determine the title to a public office was decided in *Bartlett v. The State*, 13 Kan. 99. The court there said:

"Whenever any person usurps an office, and attempts to hold it wrongfully and without any legal authority, as the county attorney alleges that the defendants have

done and are doing in this particular case, then we suppose that not only the state, but also any individual who may be entitled to hold the office, may maintain an action in the nature of *quo warranto* to oust such usurper from such office. . . . Hence, although the state is the only plaintiff in this case, and the persons entitled to hold the different offices are not made parties thereto, still there is no defect of parties plaintiff. . . . Now, as we have before stated, any individual in this state entitled to hold an office has such an interest therein that he may maintain an action in the nature of *quo warranto* to oust any intruder therefrom, and he may maintain the action in his own name and not in the name of the state. (Laws 1871, p. 277, § 2.) But this right of action on the part of the individual does not oust the state from its right of action. Their separate rights of action are founded upon separate and distinct interests. The individual may prosecute the action because he is interested in the emoluments of the office, and entitled to receive the same. The state may prosecute the action because it is interested in the good government and general welfare of all its citizens. It is the duty of the state to see that no intruder shall usurp and hold an office that should be legally filled by some other person." (Page 102.)

In *Bobbett v. The State, ex rel. Dresher*, 10 Kan. 9, which was an action of mandamus, this court said:

"So, where a public duty is neglected, the party wronged—*the public*—should be the complainant, and her officers should conduct the suit. The great business of the public is carried on by agents—officers whom the people select; and if the public suffers wrong it is the duty of those agents to see that such wrong is righted. The county attorney and attorney-general are the officers specially charged with the duty of representing the public in all litigation." (Page 15.)

The facts in this case show that two persons are claiming to exercise the duties of the highly important office of county treasurer; one is in possession of the tax-roll and the other has the remaining records. It is inevitable that the public must suffer great inconvenience and the proper dispatch of public business

be obstructed and delayed if these conditions continue. In such a situation the county attorney may very properly maintain an appropriate action to restore the public service to harmony and efficiency. And this is true even if the individual holding the certificate of election might also have a standing in court to protect his individual rights.

It is further contended that *quo warranto* proceedings only can be maintained. If this is an action to try the title to an office the claim must be conceded. That *quo warranto* and not mandamus is the proper remedy to try the title to an office has been so often decided that citations are unnecessary. The title to the office, however, has been determined by a court of competent jurisdiction, whose judgment must have full force and effect. The contest court decided in favor of the contestee, and the district court, upon proceedings in error instituted by the defendant, affirmed the decision. True, the defendant is seeking a review of that judgment in this court, but its execution has not been stayed, and its legal consequences must not be obstructed. In *Anthony v. Halderman,* 7 Kan. 50, Mr. Justice Brewer said:

"It is a general rule, which none will gainsay, that where any tribunal has jurisdiction of the subject-matter of and the parties to any controversy, and renders a judgment thereon, such judgment is conclusive between the parties. If the rulings of that tribunal are adverse to one party, and wrong, he should seek to correct that judgment by error or appeal." (Page 63.)

This was said of the proceedings in a contest over a city office. In a contest over the office of county treasurer the court said:

"When a tribunal having jurisdiction of the subject-matter and the parties has once decided a question, it is *res judicata* between those parties, and cannot be relitigated by them in an original proceeding before another tribunal." (*Norton v. Graham,* 7 Kan. 166, syllabus.)

The district court having determined the rights of the parties to this office, its adjudication remains in full force pending the proceedings here. (*Willard v. Ostrander,* 51 Kan. 481, 32 Pac. 1092, 37 Am. St. Rep. 294; *Bank of Santa Fé v. Haskell County Bank,* 51 Kan. 50, 32 Pac. 627; *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 Kan. 766, 29 Pac. 96.) Wheeler should not only have possession of the office, but also of the money, books and records pertaining thereto. That mandamus will lie in such a case was long since decided in this court. (*Huffman v. Mills,* 39 Kan. 577, 18 Pac. 516.) True, in that case the suit was in the name of the individual, but, as we have seen, when the public interests are in jeopardy, as in this case, the county attorney may act.

We are asked in the exercise of judicial discretion to refuse the writ at this time and await the hearing and judgment in the pending proceedings in error. It seems to be our duty, however, to give effect to the judgment of the district court, and to relieve the embarrassment of the present situation, leaving the defendant to his legal rights as they may be determined hereafter in the proceedings referred to.

The peremptory writ is allowed as prayed for.