N. A. YEAGER V. GRANVILLE P. AIKMAN.

No. 16,363.

SYLLABUS BY THE COURT.

1. ELECTION CONTEST—*District Judge—Tribunal—Jurisdiction.* Article 6 of chapter 36 of the General Statutes of 1901 constitutes the officers and members of the state senate as a tribunal to hear and finally determine a contest of the election of any person declared elected a judge of a district court in the state, and is valid.

2. ——— *Conclusiveness of Decision.* When a contestant invokes the jurisdiction of such tribunal and the contest is begun therein, but is finally dismissed on the order of the tribunal for the failure of the contestant to state the grounds of contest as required by its previous order, the order of dismissal is analogous to the sustaining of a general demurrer to a petition in court, and is a final determination of the contest on its merits.

Original proceeding in *quo warranto.* Opinion filed July 3, 1909. Dismissed.

STATEMENT.

THE plaintiff and the defendant were rival candidates for the office of judge of the district court in the thirteenth judicial district, at the general election in November, 1908. The successive returns were made to the county clerk and to the secretary of state and in

proper time the state board of canvassers awarded to the defendant a certificate of election, and he assumed the duties of the office on the second Monday of the following January. The plaintiff gave notice and instituted a contest for the office in the state senate. The defendant moved to dismiss the proceeding on the ground that the plaintiff in instituting the contest had failed in two respects to proceed in accordance with the requirements of the statute, and for these reasons the senate had not obtained jurisdiction. The plaintiff resisted this motion and the senate denied it and took jurisdiction of the proceeding. Both parties thereupon entered full appearance therein.

Thereafter the plaintiff was required by Senate Resolution No. 29 to set out more definitely, specifically, and with greater certainty, the reasons for the contest, in such way and under such rules and regulations as the committee on elections should prescribe. The committee on elections made a report recommending that the plaintiff be required to set forth certain enumerated facts in detail, and the report was adopted by the senate. The plaintiff thereafter filed with the secretary of state an amended notice and statement of contest, which the presiding officer laid before the senate. A day was set by the senate for the hearing of the contest, but before the time arrived, and after the amended notice and statement had been presented, the defendant filed another motion to dismiss the proceeding on several grounds, among which were that the contestant had not fulfilled the requirements prescribed by the report of the committee on elections and that the reasons for the contest were not set out with that definiteness, particularity and certainty required. A time was set for the hearing of the motion and counsel for each party appeared before the senate and argued the same. At the conclusion thereof the chair announced the question: Shall the senate dismiss the

42—80 KAN.

proceeding? A vote was taken thereon and the proceedings were declared dismissed.

Thereafter the plaintiff brought this action in *quo warranto* to oust the defendant from the office and to have himself adjudged entitled thereto, alleging that he, the plaintiff, had been duly elected to the office, and that the defendant had unlawfully usurped and intruded therein and unlawfully holds and now exercises the office of judge in violation of the right of the plaintiff thereto.

In answer the defendant denies the claims of the plaintiff, and sets forth the contest proceedings before the senate.

*A. M. Harvey,* and *Joseph G. Waters,* for the plaintiff; *Edward D. Osborn, George J. Benson,* and *R. P. Kelly,* of counsel.

*John S. Dawson, E. D. McKeever,* and *H. G. Larimer,* for the defendant.

The opinion of the court was delivered by

SMITH, J.: The action is now pending upon a motion of the defendant to dismiss on the grounds that the matter attempted to be litigated by the plaintiff herein is *res judicata;* that this court has no jurisdiction in the matter and the action is not triable in this court.

It is the duty of the state in maintaining its sovereignty to see that none of the offices created by law is usurped or exercised by persons not legally elected or appointed thereto. For this purpose the state may proceed on the relation of the attorney-general, by an action in *quo warranto,* to determine the right and title of any person exercising the duties of an office and claiming to be an officer of the state. Furthermore, any person who claims to have been lawfully elected or appointed to an office from which he is excluded by another has such an interest therein that he is entitled to be heard

Yeager v. Aikman.

in a legal tribunal and to have his claim determined. It is to the interest of both the state and the person claiming to have been elected that such controversies should be speedily determined.

Elections of the character in question were unknown to the common law. This subject is, then, wholly regulated by statute. The machinery is provided by our statute for conducting elections, with safeguards against fraud, corruption and mistake, and for the determination of the result. Also, if any candidate for an office provided for by the laws of the state or any elector qualified to exercise his franchise in the filling of such office be dissatisfied with the officially declared result of an election, there is provision for a contest thereof. The tribunal provided for contesting township and county elections is composed of the probate judge of the county and two disinterested persons selected by him. It is designated as a court, and is authorized to "pronounce judgment, whether the contestor or contestee or any other person was duly elected." (Gen. Stat. 1901, § 2671.) The tribunal constituted to determine contests of elections for state offices and for district judges is the state senate; each house of the legislature being, of course, the sole judge of the election of its own members. The senate is not designated as a "court" nor is its decision called a "judgment" by the statute. Its function is, however, practically the same as that of the contest court consisting of the probate judge and two other persons.

These contest provisions, together with requirements that the judges of elections shall be residents of the townships and wards where the elections are held, that it shall be the duty of each judge to challenge the vote of any person offering to vote whom the judge knows or suspects to be not a qualified elector, that any elector may challenge any vote, that the respective candidates and a friend or friends—not exceeding three—may be present in the room where the judges

are during the time of receiving and counting the votes, and the strict provisions for a secret ballot and for the counting, certifying and sealing up thereof, have evidently been regarded by successive legislatures as sufficient to protect the electors, the candidates and the state in their rights. These provisions constitute the bulwarks of honest elections and the fruits thereof in the state. They have been repeatedly strengthened and builded higher as the successive onslaughts of the combined forces of avarice, ambition and political passion have developed any weakness therein. By these provisions a tribunal is provided for the hearing of contests of the class of that here involved, and, we may say, of the particular contest in question. No appeal from the decision of that tribunal has been provided for, and no original jurisdiction to investigate such an election has been expressly conferred by statute upon this court. Yet we are asked to assume original jurisdiction and try the contest after the special tribunal provided by law has been asked to take jurisdiction, has accepted it, and has determined the case.

This court, by section 3 of article 3 of the constitution, is vested with original jurisdiction in proceedings in *quo warranto*, which under the common law was a writ issued to one holding an office or exercising a franchise without authority of law. It required the respondent to show his authority or right. For the purpose of testing the right to hold office the writ was issued to such officers as should hold under the authority or warrant of the crown, and to justify his holding the office was required to produce his unexpired warrant of appointment. In our scheme of government a proper certificate of election to an elective office or a commission of appointment to an appointive office corresponds to the royal warrant. Appropriately the writ may here be used to oust one holding an elective office to which he was not elected, or which he is illegally

holding after the term for which he was elected has expired or after he has in some way forfeited his right to hold it longer. (*The State, ex rel., v. Wilson,* 30 Kan. 661.)

A paragraph of the syllabus in *Tarbox v. Sughrue,* 36 Kan. 225, reads:

"A proceeding in the nature of *quo warranto* lies to a great extent within the discretion of the court; and generally *quo warranto* will not lie where there is another plain and adequate remedy; but as the statute making provision to contest the election of one declared elected to a county office does not authorize the removal from office of the contestee, and is inadequate for that purpose, *quo warranto* will lie at the suit of one who claims to have received the greatest number of votes for a county office, not only to try the title to the office, but to remove the defendant therefrom as well."

In that case the jurisdiction of no other tribunal had been invoked or exercised.

The defendant, with some show of advisory authorities, contends that the jurisdiction of the senate to try the election contest in question is exclusive. We do not think the decision of this question necessary to the determination of this case.

The defendant further contends that the senate acted in a judicial capacity; that dismissing the proceeding, after opportunity had been given the plaintiff to state specifically his grounds of contest, was by analogy equivalent to the sustaining of a general demurrer to his petition, and to a judgment upon the merits, and rendered the controversy *res judicata.* The plaintiff, on the other hand, denies the power of the legislature to constitute one of its branches a court, but concedes that it had power and did constitute the individuals who are members and officers of the senate as a special tribunal to try election contests of a class which embraces this case. He denies that the senate in dismissing the proceeding decided the case upon its merits, and denies that if it had done so such decision would

be *res judicata.* There is, then, no controversy as to whether there was at least a legally constituted tribunal, with full power to try and finally determine which of the parties was legally elected to the office and entitled thereto. We think this tribunal had as full powers as the tribunal provided by law for hearing contests in the election of township and county officers.

In *Norton v. Graham,* 7 Kan. 166, a case in which the binding force of a decision by such a tribunal was involved, it was said:

"When a tribunal having jurisdiction of the subject-matter and the parties has once decided a question, it is *res judicata* between those parties, and can not be relitigated by them in an original proceeding before another tribunal." (Syllabus.)

(See, also, *Anthony v. Holderman,* 7 Kan. 50; *Bland v. Jackson,* 51 Kan. 496; *The State v. Lawrence,* 76 Kan. 940, 943.)

It is contended, however, that the senate, acting as a contest tribunal, did not decide this case upon its merits, but dismissed it for want of a sufficiently specific statement of the grounds of contest, after an order had been made upon the contestant to amend such statement. The statement required is analogous to, and performs the function of, the petition in an ordinary action in a court. It is true that the proper procedure in court, upon the failure or refusal of a plaintiff to reform his petition in accordance with an order of the court, is to dismiss the action without prejudice; but from the nature of this case such an order would have had the same effect as the one actually made. The order of the senate dismissing the case is analogous to the sustaining of a demurrer to a petition in an ordinary action on the ground that such petition does not state facts sufficient to constitute a cause of action, and a final judgment in favor of the defendant in accordance with such ruling. Such a judgment is final upon the facts pleaded, and such facts can not be relitigated

between the same parties in any court. (*Holderman v. Hood*, 78 Kan. 46; *Bierer v. Fretz*, 37 Kan. 27, 29; *Sanford v. Oberlin College*, 50 Kan. 342; *Bank of Santa Fe v. Haskell County Bank*, 51 Kan. 50.)

Probably the ruling of the senate holding in effect that there was no cause of action stated was erroneous, but it is none the less equivalent to a judgment upon the merits. (*Lawrence v. Wheeler*, 77 Kan. 209.) If, as we have found, the tribunal had jurisdiction, its judgment and decision is conclusive until reversed in an appellate court. (23 Cyc. 1055; *Buckland v. Goit*, 23 Kan. 327.) It is usual to recognize the determination of *quasi*-judicial bodies acting in a judicial capacity as equivalent to the judgments of the courts. (23 Cyc. 668, note 9; 24 A. & E. Encycl. of L. 723.)

"When jurisdiction has once attached, the court has a right to decide every question arising in the case, and errors of judgment or irregularities, however gross, which do not render the judgment absolutely void, are not available on collateral attack, but the judgment is valid until reversed or vacated by direct proceeding." (12 Encyc. Pl. & Pr. 197.)

(See, also, *Rowe v. Palmer*, 29 Kan. 337; *Axman v. Dueker*, 45 Kan. 179; *Mills v. Ralston*, 10 Kan. 206; *In re Dill, Petitioner*, 32 Kan. 668, 691.)

Assuming, without affirming, that this court may, in a *quo warranto* proceeding, try an election contest the jurisdiction of which has been by statute expressly conferred upon the members and officers of the state senate, the jurisdiction of this court therein is concurrent with the jurisdiction of such tribunal. In this case the jurisdiction of such tribunal has been invoked by the contestant and has been taken and exercised, and a judgment, in effect, has been rendered therein. This proceeding is an attempt to have a retrial in an original action of the issues there presented. It is in effect a collateral attack, and not a proceeding in error. The decision of the tribunal should here be regarded as a final determination of the questions involved in that

decision. However this may be, in view of the great desirability of having such controversies speedily determined, and of the fact that a high tribunal, especially constituted by law to determine the questions involved, has exercised such jurisdiction, we decline to entertain the contest, and the motion to dismiss the action here is sustained.