No. 21,734.

Rose Rennolds, *Appellant*, v. W. F. Guthrie et al., *Appellees.*

SYLLABUS BY THE COURT.

1. JURISDICTION—*Of Parties and Subject Matter—Final Orders Unappealed from—Res Judicata.* Rule followed that where a court has jurisdiction of the subject matter of an action and has jurisdiction of the parties thereto, its orders and judgments as to all matters involved in the action are final and conclusive, unless corrected or modified on appeal; and such matters cannot be relitigated by the parties in an original proceeding before another tribunal.

2. SAME. During the pendency of foreclosure proceedings in the federal court, a receiver was appointed for plaintiff's real estate. The receiver collected the rents, not only during the pendency of the foreclosure proceedings, but during the eighteen months' redemption period thereafter. All these rental moneys were delivered by the receiver to the clerk of the federal court, and the latter paid them out as ordered by that court. *Held,* that an independent lawsuit cannot now be maintained in a district court of this state to recover any part of these moneys, as the parties and the subject matter were under the jurisdiction of the federal court, and its judgment, unless corrected in that court or by appeal therefrom, is final and conclusive.

Appeal from Morris district court; Roswell L. King, judge. Opinion filed December 7, 1918. Affirmed.

*L. O. Carter,* of Kansas City, and *Tiera Farrow,* of Kansas City, Mo., for the appellant.

*E. H. Gamble,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

Dawson, J.: The district court of Morris county sustained a demurrer to plaintiff's petition in an action sought to be maintained against the defendant on account of certain matters which transpired in a foreclosure suit in the United States district court. In the federal suit, the present defendant, W. F. Guthrie, obtained a judgment foreclosing certain mortgages on plaintiff's land in Morris county. While that suit was pending, the federal court appointed a receiver for the mortgaged property. That receiver collected the rents, not only during the pendency of the foreclosure litigation, but during the eight-

een months' redemption period also; and he delivered all these rental moneys to the clerk of the United States district court. On application of Guthrie, the clerk of the federal court paid all these rental moneys to Guthrie and others. The petition fails to disclose (what appellant in his abstract *aliunde* supplies) that the clerk of the federal court paid out these moneys by orders of court, and that the federal court had jurisdiction of the subject matter, of the parties, and of the funds about which the present lawsuit is sought to be maintained.

From the mere statement of the foregoing, it should be obvious that this suit cannot be maintained. If any improvident, illegal, or erroneous orders touching the disposition of these rental moneys, or part of them, were made in the federal court, that court had the power to correct and set aside those orders. No other court can do so. When a court has jurisdiction of a subject matter and of the parties, its jurisdiction is exclusive; no other court may meddle therewith, except through the orderly procedure of appeals. Where the subject matter of a lawsuit has been determined in one jurisdiction, it cannot be the subject of another and different lawsuit by the same parties in another jurisdiction. This is elementary law. Nearly fifty years ago, this simple, practical and necessary rule was announced:

"When a tribunal, having jurisdiction of the subject matter and the parties, has once decided a question, it is *res adjudicata* between those parties, and cannot be relitigated by them in an original proceeding before another tribunal. The party complaining of such decision or judgment should correct it by proceedings in error or appeal; and, failing to do so, he is estopped from further inquiry." (*Anthony v. Halderman,* 7 Kan. 50, syl. ¶ 3.)

(See, also, *Ewing v. Mallison,* 65 Kan. 484, 488, 489, 70 Pac. 369; *The State v. Lawrence,* 76 Kan. 940, 943, 92 Pac. 1131; *Yeager v. Aikman,* 80 Kan. 656, 661, 663, 103 Pac. 132; 23 Cyc. 1055; 15 R. C. L. 835-837.)

The judgment of the district court is affirmed.