No. 28,416.

R. T. LYON et al., *Appellants*, v. W. H. HARRISON, *Appellee*.

(273 Pac. 429.)

Opinion filed January 12, 1929.

*William Keith, James A. Conly* and *Lester Wilkinson,* all of Wichita, for the appellants.

*C. A. Matson, I. H. Stearns, E. P. Villepigue* and *J. H. Haymaker,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is the second chapter of *Harrison v. Lyon,* decided in November, 1928. The plaintiffs, R. T. Lyon and Mamie Lyon, brought this action against W. H. Harrison, alleging that defendant became indebted to plaintiff in the sum of $11,000, which money was delivered to defendant about July 6, 1927, and also $100 delivered to him on March 26, 1927, in consideration of a promise by defendant that he would convey by warranty deed certain real estate in Wichita. It was alleged that although he had made the oral promise to convey the property for the money received, he refused either to convey the property or to return the money so received. Plaintiffs ask damages in the sum of $11,000.

In his answer the defendant set up the proceedings in the former action, including the judgment against the plaintiffs, which was affirmed in this court. (*Harrison v. Lyon,* 126 Kan. 705, 271 Pac. 395.) Reference is made to the decision in that appeal which incorporates pleadings and the issues joined in the former action, the

findings of the trial court against the Lyons and the decision of this court affirming that judgment. Defendant further alleged that in the former case it was adjudged that Harrison received no part of the $11,000 mentioned and that that case involved the same parties, the same property and the same money as are involved in this action, and that the judgment in that case is *res adjudicata* of the issues in this suit. There were denials in the replies filed by plaintiff and later a motion was made by defendant for judgment in his favor upon the pleadings. The motion was sustained and the case. was dismissed. Plaintiffs appeal.

The only question in this case is whether the judgment rendered in the first case is *res adjudicata* of the present action and estops its maintenance.

There is identity of the parties in the two cases, and it is conceded that both were based on the same transaction. In the former the main issue was whether the $11,000 for which Mrs. Lyon. handed two checks to Harrison was accepted, cashed and retained by Harrison as the consideration for certain real estate, for which a deed had been executed but had not been delivered by him, and the title of which was claimed by Mamie Lyon. Whether the $11,000 was actually paid to Harrison and retained by him was a vital issue in the case. It was found and determined in that case that checks for the amount were made by Mrs. Lyon and were given to and cashed by Harrison, that the proceeds were given to her, the circuitous transaction having been made to subserve a personal purpose of Mrs. Lyon's. The question whether Harrison had obtained and kept the $11,000 was alleged and vigorously contested throughout the suit up to the court of last resort. On that question the court made a finding:

"That the defendant, Mamie Lyon, made two checks in the aggregate sum of $11,000, payable to W. H. Harrison, which were cashed by him on July 6, 1927, in the presence of Mamie Lyon and the currency was then given to Mamie Lyon by W. H. Harrison." (*Harrison v. Lyon*, 126 Kan. 705, 708.)

In the present action the Lyons are seeking to recover the same $11,000 on the theory that he was given checks for that amount and had retained the proceeds of them, and was therefore owing plaintiff that sum. The fact was directly involved and was determined between the parties in the former action and it cannot be again contested by the same parties in the same or any other court. In

*Winkler v. Korzuszkiewicz,* 118 Kan. 470, 475, 235 Pac. 1054, it was said:

"The general rule is that a fact or a question directly in issue and judicially determined in a former suit is conclusively settled by the judgment therein and cannot be relitigated between the same parties or their privies in the same or any other court upon either the same or a different cause of action."

See, also, *Greenwood v. Greenwood,* 97 Kan. 380, 155 Pac. 807; *Lux v. Columbian Fruit Canning Co.,* 120 Kan. 115, 242 Pac. 656; 15 R. C. L. 974.

It is argued that the rule should not apply here because the form of action in the first case differs from that in the present case, but it was held in *Greenwood v. Greenwood,* supra, that it is immaterial as to the form of the action where the issue of fact was raised and definitely determined. In *Southern Pacific Railroad Co. v. United States,* 168 U. S. 1, it was said:

"A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery cannot be disputed in a subsequent suit between the same parties or their privies, and even if the second suit is for a different cause of action, the right, question or fact once so determined must as between the same parties or the privies be taken as conclusively established so long as the judgment in the first suit remains unmodified."

No error was committed in rendering judgment for defendant upon the pleadings or in dismissing the action.

The judgment is affirmed.