No. 32,889

CHARLES W. JOHNSON, Receiver for The Citizens State Bank of Ellinwood, *Appellant,* v. DORA W. SCHREPEL and L. C. D. SCHREPEL, her Husband, *Appellees.*

(58 P. 2d 51)

Opinion filed June 6, 1936.

*R. C. Russell,* of Great Bend, for the appellant.

*Samuel E. Bartlett, George D. Miner,* both of Ellsworth, *William Osmond, Elrick C. Cole* and *T. B. Kelley,* all of Great Bend, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action in ejectment. Defendants prevailed, and plaintiff and its assignees have appealed. The names appearing in the title are those of the original parties to a foreclosure suit involving the same land.

One of the questions involved in this appeal is the validity of an extension of the original eighteen-months period of redemption under mortgage foreclosure. The other question pertains to the method of redemption employed by appellees.

The regular redemption period expired May 6, 1935. The redemption period was extended to July 20, 1935. During the ex-

tension period the equity of redemption was conveyed by appellees, the Schrepels, to parties by the name of Knop. On July 5, 1934, the certificate of purchase was assigned to George H. and Matilda Binger. Appellants are the original purchasers and present holders of the certificate of purchase. On July 31 the Bingers and Knops were made parties to the action. On July 31 the Bingers filed an application, and on August 24 a supplemental application, for sheriff's deed. The application was heard, and the parties at that time stipulated as follows:

"STIPULATION

"It is stipulated, by and between plaintiff and defendant herein, that the facts in controversy shall be agreed upon to be as follows: that the period of redemption fixed by the court in this action was July 20, 1935, as shown by the decree of the court; that, on the 19th day of July, 1935, one C. J. Knop executed and delivered to Dora W. Schrepel his check for $11,027.54, for the purpose of making redemption; that this check was duly endorsed by Dora W. Schrepel; that the defendants, Dora W. Schrepel and husband and C. J. Knop delivered this check to the assistant clerk of the district court of this county on said date for the purpose of making redemption as provided by the decree of the court; that on said date the assistant clerk, Helen Frost, executed receipt number 713, acknowledging that she had received from Dora W. Schrepel said amount of money for redemption of the northwest quarter of section 4-20-10 in case number 6446; that, on the same date, to wit: July 19, 1935, Dora W. Schrepel and her husband executed and delivered to C. J. Knop and Louis Knop a deed to said property, which deed was recorded in the office of the register of deeds of Rice county, Kansas, on July 19, 1935; that on the same date the said grantees in said deed executed and delivered to Dora W. Schrepel a deed for an undivided one fourth royalty interest in the mineral rights in said real estate, which conveyance was likewise recorded in the office of the register of deeds of Rice county, Kansas, on July 19, 1935; that thereafter C. J. Knop and Louis Knop and Milton Isern saw the petitioner, George H. Binger, and advised him that the money for redemption had been paid to the clerk of the court; that on July 20, 1935, George H. Binger and wife, who were the owners of the certificate of purchase for said property in said action, called at the office of the clerk of the district court at Lyons, Kan., and asked for payment of the redemption money, that the clerk of the court was not in town, and the assistant advised Binger and wife that she could not pay out this money at that time; that on said date Binger and wife left the certificate of purchase with the assistant clerk; that on this date the assistant clerk advised Binger and wife that the check described as aforesaid had been left with her by Dora W. Schrepel; that at the time the deputy clerk informed Binger and wife that the payment had been made by check, Binger and wife made no objection and said nothing relative to the form of the payment or the fact that the payment was by check; that thereafter and on July 23, 1935, Binger and wife again came to the office of the clerk of the court and at this time saw Mr. Holloway, the clerk, and asked for

payment of the redemption money; that they were advised by Mr. Holloway that this had been paid in by check, and that he could not pay it out until the check had cleared, which would require approximately ten days; that he was requested by Binger to pay it out on telephone call to the bank, but was advised that he could not do that; that at that time Binger and wife asked for the return of their certificate of purchase, and left the office under that circumstance; that the canceled check shows payment by the bank on which it was drawn as of July 26, 1935; that the maker of said check had the amount of the check on deposit in the People's State Bank at Ellinwood, Kan., on July 19, 1935, and at all times subsequent until the check was paid, and that said check was promptly paid upon presentation through the usual course of business; that, on July 30, 1935, the clerk of the court advised the attorney for Mr. and Mrs. Binger that he was then ready, able and willing to pay out the redemption money.

"It is further stipulated that no accounting was made of the 1935 crop by Dora W. Schrepel and her husband to the holder of the certificate of purchase, and that more than thirty days have elapsed since the said crops were harvested and prior to August 24, 1935, at which time the last motion was filed asking for an order of this court for a sheriff's deed to said property; that the redemption money paid in as aforesaid to this court has not been accepted by nor paid to George H. Binger or his wife and is still in the custody of the clerk of the court; that the amount represented by said check is the correct amount due for purposes of redemption on the 19th day of July, 1935, but this amount does not include any accounting for crops. The correct date of the assignment of the certificate of purchase to Binger and wife is July 5, 1934, same being incorrectly dated as 1933."

The application for sheriff's deed was denied. Appellants appeal from the ruling granting an extension of the period of redemption from May 6, 1935, to July 20, 1935, and from the order refusing to direct delivery of a sheriff's deed. In support of the first contention it is urged the extension under the moratorium law was invalid. (*Kansas City Life Ins. Co. v. Anthony*, 142 Kan. 670, 52 P. 2d 1208.) Appellees had offered evidence in support of their application for extension to January 15, 1937. Appellants demurred to the evidence and objected to the extension on the ground the moratorium law was unconstitutional. The record, however, further discloses that when the trial court allowed an extension only to July 20, 1935, appellants consented thereto. Having consented to the extension, appellants waived any rights previously raised by the demurrer. Redemption was undertaken by depositing a check with the clerk of the district court. This brings us to the second phase of this lawsuit.

Are appellants in a position to complain concerning the method of redemption employed? The stipulation of the parties admits: there

was at all times sufficient money on deposit in the drawee bank to satisfy the redemption check; the drawee bank paid the check on July 26; the Bingers on July 20 knew that no money had been deposited with which to redeem; they learned at the office of the clerk the check was drawn on a bank at Ellinwood, Kan.; the assistant clerk refused to pay the money represented by the check; no objection or complaint whatever was made on July 20 concerning redemption by check or concerning the refusal of payment prior to clearance of the check; notwithstanding only a check was deposited, appellants surrendered their certificate of purchase to the officer of the court.

It would clearly appear the intent and purpose of the surrender of the certificate was to deposit it in court for delivery to appellees upon the clearance of the check. There could have been and, of course, there was no other purpose in the surrender of the certificate. Appellants' conduct is consonant only with acquiescence in and approval of the method of redemption by check. Had the holders of the equity of redemption delivered their check instead of cash to the holders of the certificate of purchase, and had the latter surrendered such certificate to the former, it would scarcely be contended that payment by check was not accepted and approved as the method of redemption. Nor will it be seriously contended that three days thereafter the holders of the certificate of purchase would be heard to say redemption had not been made in time. We see little or no difference in principle in that situation and the one presented in the instant case. Appellants having surrendered their certificate of purchase to the clerk of the court with full knowledge of the facts, we are forced to conclude they acquiesced in and consented to redemption by check.

The judgment of the trial court is therefore affirmed.