No. 33,885

THE TOPEKA MORRIS PLAN COMPANY, *Appellee,* v. ROBERT L. HILL et al., *Appellants.*

(80 P. 2d 1049)

Opinion filed July 9, 1938.

*Dennis Madden,* of Topeka, for the appellants.
*Frank E. Miller,* of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment of the district court overruling a motion for a rehearing of a prior motion of appellant to declare a judgment satisfied. To a considerate review of the question presented, some precedent matters must be stated in detail:

On July 27, 1928, Robert L. Hill and wife procured a loan of money from the plaintiff company and executed their promissory note for the repayment thereof. On April 15, 1930, Hill filed a voluntary petition in bankruptcy in which he scheduled the indebtedness evidenced by that promissory note. That bankruptcy proceeding was dismissed or otherwise disposed of without Hill having applied for a discharge. On January 30, 1931, Hill filed a second voluntary petition in bankruptcy, and again he listed the promissory note in his schedule of indebtedness. This secondary bankruptcy proceeding was also dismissed without any order for a discharge being asked or granted. On June 15, 1933, Hill filed a third voluntary petition in bankruptcy, again naming this plaintiff company as a creditor and scheduling the promissory note as one of his debts. On February 18, 1936, pursuant to this third petition in bankruptcy, Hill was adjudged a bankrupt and discharged from all debts and claims provable against his estate, which existed on June 15, 1933, "excepting such debts as have been listed in previous bankruptcy proceedings."

On May 28, 1936, plaintiff commenced an action in the district court to recover the amount due on the promissory note. Defendant Hill answered that the note had been discharged in the bankruptcy proceeding. The trial court ruled to the contrary, and on October 29, 1936, it gave judgment for plaintiff. From that judgment no appeal was taken.

On November 6, 1936, Hill filed a motion to declare the judgment satisfied, relying on our local statute (G. S. 1935, 60-3602), which provides that when any person is discharged of his debts under the federal bankruptcy act the state court, on a proper showing of the facts, shall endorse on the judgment record a recital that the judgment is discharged by virtue of the bankrupt law and thereafter such judgment shall be deemed discharged and satisfied.

The trial court overruled that motion on December 12, 1936, and no appeal was taken from that ruling.

On January 4, 1937, appellant Hill filed in the district court another motion—the one with which we are presently concerned. While no copy of it has been supplied, it can be inferred that it was addressed to the trial court's discretion, and that Hill persisted in his claim of right to have the judgment canceled on the strength of the statute cited above. On December 24, 1937, that motion was denied, and that ruling is the basis of this appeal. The single specification of error presented by appellants reads:

"The trial court erred in overruling the motion to discharge the judgment, rendered in favor of the appellee, because of the discharge in bankruptcy of the appellant Robert Hill, under the statute of Kansas, section 60-3602, G. S. 1935."

On technical grounds, this appeal will have to be dismissed. In the lawsuit which culminated in the judgment entered in favor of plaintiff on October 29, 1936, the effect of the bankruptcy proceedings and of the limited discharge granted appellants on February 18, 1936, was in issue, and an adjudication was had thereon. Whether that adjudication was correct or not is of no consequence now, since it has become *res judicata*. (*Manley v. Park*, 62 Kan. 553, 562, 64 Pac. 28; *Rennolds v. Guthrie*, 103 Kan. 829, 177 Pac. 359; *Riley v. Riederer*, 144 Kan. 422, 61 P. 2d 106.)

Moreover, the propriety of the court's ruling on appellants' motion of November 6, 1936, which was made on December 12, 1936, is not now open to our review under the authorities cited above.

So all that is now technically before this court is the trial court's ruling on appellants' motion filed on January 4, 1937. If that motion could be given any potency whatever—which, under all the circumstances, we are much inclined to doubt—it could only have been addressed to the trial court's discretion; and certainly its ruling thereon would present nothing for an appellate court to lay hold of. Furthermore, if we were to pass by these technical difficulties which preclude appellants' right to have the trial court's ruling reviewed, we would at once be met with a mass of federal decisions which hold that appellants' contention that his limited discharge in bankruptcy extinguished the plaintiff's judgment is altogether untenable. (See *Hill v. Railroad Industrial Finance Co.*, 92 F. 2d 973, and citations.)

The appeal is dismissed.