No. 34,131

WILLIAM LEVI, *Appellant,* v. CHRIST LEVI, *Appellee.*

(86 P. 2d 473)

Opinion filed January 28, 1939.

*John A. Etling* and *W. N. Beezley,* both of Kinsley, for the appellant.
*O. A. Wilson,* of Jetmore, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to set aside certain sheriff's deeds, to permit plaintiff to redeem from a former foreclosure sale and to extend the time therefor, and for an accounting. Defendant demurred to the petition. Upon the hearing of the demurrer, by agreement of counsel, the court considered all the files and records of the foreclosure action as though they had been made a part of the petition. The demurrer was sustained, and plaintiff has appealed.

The record may be summarized as follows: On October 3, 1933, Christ Levi, the owner and holder of certain notes executed by William Levi and secured by a mortgage on certain real property in Hodgeman county owned by him, commenced an action against William Levi and others on the notes and to foreclose the mortgage. Defendants were served personally with summons, but failed to answer or plead otherwise, and in due time plaintiff obtained a personal judgment on the notes and a decree foreclosing the mortgage, and an order of sale issued. On December 18, 1933, the real property was sold at sheriff's sale for the full amount of the judgment, interest, taxes and costs, to Christ Levi, the plaintiff in the action. This sale was confirmed and the period of redemption fixed at eighteen months.

On June 6, 1935, on motion of the defendants, the court, acting under chapter 226 of the Laws of 1935 (G. S. 1935, 67-3a01 to 67-3a07), extended the period of redemption to December 1, 1936, upon conditions (1) that defendants pay into court $60 immediately and $60 August 1, 1936, for pasture rent, (2) that defendant pay into court one-third the value of crops harvested within the extended time, (3) that plaintiff have a lien upon all crops to secure these rents, (4) that plaintiff have one-third of wheat allotment money for 1935 and 1936, (5) that plaintiff have the right to enter upon the premises at a suitable time in 1936 for the purpose of sowing wheat, if defendants had not redeemed, and (6) that the moneys paid into court be applied first upon taxes, then upon interest and principal on plaintiff's judgment.

On June 1, 1936, counsel for Christ Levi, acting on the theory chapter 226 of the Laws of 1935 was not applicable, and that the period of redemption had expired July 18, 1935, in view of the opinion of this court in *Kansas City Life Ins. Co. v. Anthony*, 142 Kan. 670, 52 P. 2d 1208, moved the court for an order directing the

sheriff to execute a deed. This motion was considered by the court and sustained June 4, 1936, and in compliance with the order the sheriff executed to Christ Levi a sheriff's deed, which was recorded promptly. The defendant William Levi appealed to the supreme court from the order of the trial court directing the sheriff to execute the deed. This appeal was dismissed by the supreme court October 16, 1936, on motion of the appellee, for the reason appellants had failed to file abstract and brief. On November 30, 1936, defendants filed a new notice of appeal from the order of the trial court of June 4. This was dismissed by the supreme court May 15, 1937. Defendants made no effort to redeem by payment or tender to the clerk of the district court by December 1, 1936, or at any time.

The plaintiff, Christ Levi, having changed attorneys, filed a motion December 22, 1936, stating there was uncertainty about the validity of the sheriff's deed made pursuant to the order of the court of June 4 (see *Johnson v. Schrepel*, 144 Kan. 111, 58 P. 2d 51), that defendants had appealed from that order and retained possession of the property, that defendants had not redeemed the property but were still in possession, claiming the right to remain in possession, and asking for an order directing the sheriff to make a new deed to plaintiff and a further order directing the issuance to the sheriff of a writ of assistance, dispossessing defendants and placing plaintiff in possession of the property. This motion was heard and allowed January 6, 1937. A new sheriff's deed was issued to Christ Levi, and recorded, and a writ of assistance was issued under which the sheriff dispossessed defendants and placed Christ Levi in possession of the property April 19, 1937. But defendants, refusing to recognize the authority of the sheriff, after being dispossessed, and in the absence of plaintiff, went back into possession of the property. This was called to the attention of the court by a motion filed May 27, 1937, supported by affidavit, asking for an order requiring the defendant William Levi to appear and show cause why he should not be punished for contempt. On the hearing of this motion, June 4, 1937, the court ordered the issuance of an alias writ of assistance commanding the sheriff forthwith to place the plaintiff, Christ Levi, in possession of the property, and to remove defendants and any of their personal property from the premises. This appears to have been done. Notice was given opposing counsel of each of the motions above mentioned, and counsel for each party appeared in court on the respective hearings on the motions.

No appeal was taken from the order of the court of January 6, 1937, granting the writ of assistance, nor from the order of June 4, 1937, granting the alias writ of assistance.

Thereafter, and on July 7, 1937, William Levi brought this action. In his petition he recites many, not all, of the matters above stated, and alleged that after the appeal was taken from the order of the court of June 4, 1936, directing the sheriff to make a deed for the property to Christ Levi, an oral agreement was made between the parties, through their attorneys, that if the appellants would dismiss their appeal Christ Levi would convey the property to defendants in that action upon the payment to him, on or before December 1, 1936, of the amount necessary to redeem the property; that relying on that agreement appellants dismissed their appeal, and that on or shortly before November 30, 1936, they tendered to Christ Levi personally the full amount necessary to redeem, but that he refused to accept payment and refused to reconvey the property.

It was further alleged that plaintiff in this action sowed wheat on the premises in the fall of 1936, that defendant stood by and permitted that to be done without objection, that defendant harvested the wheat in the summer of 1937, and plaintiff asked for an accounting of the wheat harvested and to recover the value of all the wheat, or at least the tenant's share of it.

Upon the hearing of the demurrer to this petition, as previously stated, the trial court was of the opinion that all the matters sought to be raised by plaintiff in this action were necessarily involved and might have been raised—if any of them were not—in the hearings upon the motions for writs of assistance. We concur in that view.

The rule of law is elemental that a right, question or fact directly put in issue and determined by a court of competent jurisdiction cannot be relitigated between the same parties in a subsequent action. (*Lyon v. Harrison,* 127 Kan. 318, 320, 273 Pac. 429.) Not only is everything adjudicated between them which the parties chose to litigate, but everything incidental thereto which properly could have been litigated. (*Snehoda v. National Bank,* 115 Kan. 836, 840, 224 Pac. 914.) This rule has been applied repeatedly and in a great variety of cases. We cite a few of the late ones: *Kaw Valley State Bank v. Thompson,* 140 Kan. 726, 730, 37 P. 2d 985; *Drury v. Drury,* 145 Kan. 116, 120, 64 P. 2d 53; *Shelley v. Sentinel Life Ins. Co.,* 146 Kan. 227, 69 P. 2d 737; *Ferguson v. Petersime*

*Incubator Co.*, 146 Kan. 815, 73 P. 2d 1026; *Morris Plan Co. v. Hill*, 148 Kan. 295, 80 P. 2d 1049.

As we read the petition, only two matters are raised not specifically shown by the record to have been raised in court at the hearings for writs of assistance: (1) the oral agreement by which it is alleged that Christ Levi was to convey the property to plaintiff, if paid the amount of the redemption money by December 1, 1936, and (2) the tender of such payment prior to that date. As pleaded it would appear this contract was unenforceable under the statute of frauds (G. S. 1935, 33-106). But, passing that thought, if defendants at the hearing of the application for writs of assistance would have shown that under recognized principles of equity they had in fact redeemed, or tendered redemption, that would have been a complete bar to the issuance of the writ. See 7 C. J. S. 7, 8; 4 Am. Jur. 444, and cases there cited. As to any new agreement between the parties which has any bearing on the right of either of them to possession of the property, the rule is thus stated:

"Since the proceeding presupposes that the rights of the parties are only such as follow upon the decree, if it appears that those rights have been changed by reason of an agreement, or alleged agreement, subsequently entered into, so that the issuance of the writ would or might work injustice, it should be withheld. . . ." (4 Am. Jur. 444.)

Any agreement claimed to have been made by the defendants, or any of them, in the foreclosure action with the plaintiff in that case, subsequent to the decree of foreclosure, and which would have affected the right of the plaintiff to a writ of assistance, should have been presented to the court upon the hearing of the application for the writ. Had such an agreement been established by proof the writ should have been denied. (*Ramsdell v. Maxwell*, 32 Mich. 285; *City of San José v. Fulton*, 45 Cal. 316; *Escritt v. Michaelson*, 73 Neb. 634, 103 N. W. 300; *Hair v. Commercial Bank of Live Oak*, 112 Fla. 499, 152 So. 180.)

As opposed to this, appellant cites *Johnston v. Wear*, 110 Kan. 237, 204 Pac. 101, where it was held:

"Matters determined on a formal motion after judgment may be *res adjudicata,* but matters which are not necessarily connected with and do not become a part of the judgment on the motion are not conclusive in other actions." (Syl. ¶ 2.)

The rule is carefully stated and is sound, but the difficulty of applying it here is that the agreement pleaded by plaintiff in this

action, if established by proof on the hearing of the motions for writs of assistance, would have constituted a complete defense to the issuance of such writ. The specific question before the court upon the applications for the writs of assistance was whether, under conditions then existing, plaintiff was entitled to possession of the property, and every question essential to that determination was of necessity at issue, and in legal effect was determined by the ruling of the court.

As to appellant's contention respecting the wheat crop, or a share of it, sown in the fall of 1936 and harvested in 1937, we are unable to see that appellant is in any better situation than any other mortgagor in possession of real property during the period of redemption. Any crop he put out on the land which could not be harvested within the period of redemption naturally would be lost if he failed to redeem. Appellant points to the provision in the order of June 4, 1935, extending the period of redemption to December 1, 1936, to the effect that the plaintiff in the foreclosure action might sow wheat on the land in the fall of 1936 if the defendant in that action did not redeem. Naturally, he would not know whether redemption would be made until the time for doing so had expired, and by that time it seems the defendant in the foreclosure action had already sown the land to wheat. Appellant here stresses the allegations of his petition that the defendant stood by and saw him sow the wheat without objection. It is difficult to see how he could have done otherwise, since appellant could sow wheat on the land if he cared to at any time during the period of redemption. There is no contention that appellant had any agreement with appellee concerning the matter. More than that, the situation with reference to the wheat was known to appellant at the time of the hearing for a writ of assistance in January, 1937, and also at the hearing later held in June, 1937. At each of these hearings the question was the right of the appellee here to the possession of the property at the time of the hearing. The right of the appellee to possession was determined. No appeal was taken from the ruling or order of the court. Any question involved in that ruling is not open to further litigation between the parties. (*Hentig v. Redden,* 46 Kan. 231, 26 Pac. 701; *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 Kan. 766, 29 Pac. 96; *Marshall v. Railroad Co.,* 96 Kan. 470, 152 Pac. 634.)

Appellant argues that in view of all the circumstances his situa-

tion should be viewed in the light of an ordinary tenant at sufferance, citing *Bank v. Jesch,* 99 Kan. 797, 163 Pac. 150. We see nothing in the situation to justify this view.

The judgment of the court below is affirmed.