No. 36,890

NATHAN MARKS, *Appellee*, v. LILLIAN MARKS, *Appellant*.

(182 P. 2d 885)

 Ross McCORMICK,
judge. Opinion filed July 12, 1947. 

*Roy L. Rogers,* of Wichita, argued the cause, and *Joe T. Rogers,* of Wichita, was with him on the briefs for the appellant.

*George Siefkin,* of Wichita, argued the cause, and *Robert C. Foulston, George B. Powers, Samuel E. Bartlett, Andrew F. Schoeppel, Carl T. Smith, John F. Eberhardt, Stuart R. Carter* and *Thomas E. Woods,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from a judgment of a trial court setting aside and holding for naught a petition for a new trial.

On March 11, 1946, Nathan Marks instituted an acton against his wife Lillian Marks, for divorce on the grounds of cruelty and gross neglect of duty and for division of property. On June 8, 1946, she filed an answer admitting the marriage and accumulation of property and denying other matters, and a cross-petition under which she sought separate maintenance. The action was tried on June 18, 1946, both parties being represented by counsel. The trial court found the defendant was guilty of extreme cruelty and gross neglect of duty and that plaintiff was entitled to a divorce; that their real property was worth $9,000, subject to a mortgage indebtedness of $4,000 and that the equity was worth $5,000, and that the furniture was worth $500. The plaintiff was given the option to purchase this property by paying defendant one-half of the net value or $2,750, plus $200. If he did not so elect, the property was to be sold subject to the mortgage and the proceeds equally divided. Judgment was entered accordingly. Without filing any motion for a new trial the defendant perfected an appeal to this court from the judgment. That appeal was dismissed for want of prosecution.

Thereafter the defendant changed counsel and, during the next succeeding term of the Sedgwick county district court, filed her petition for a new trial, in which she asked the court to grant her a new trial on grounds which we summarize: (1) From the time of the filing of the petition, plaintiff and defendant lived together and cohabited at their home. (2) Plaintiff threatened defendant in that he stated to her that being of the Jewish race they were not divorced religiously and she had to live with him and the civil action had no effect on their relationship as husband and wife. (3) Under a temporary order of the court of March 9, 1946, plaintiff threatened to dispossess her of their home and gave her no money to live on and by reason of her poverty she was forced to live in the home. On May 16, 1946, the court gave both parties temporary occupancy of the home pending the action and with knowledge of the court the parties lived on the same premises, and pending the action plaintiff by his conduct and remarks forced the defendant to cohabit with him up to November 7, 1946. (4) Plaintiff knowingly, fraudulently and intentionally withheld from the court information concerning their relationship when the action was tried. (5) Defendant was under the influence, will power and domination of plaintiff, was unable to exercise her free will in the judgment and division of the property, and that plaintiff concealed from the court information concerning the true value of his property. (6) The value of the property was of certain stated amounts (these amounts are higher than as found by the court). (7) At the time of their marriage plaintiff was worth nothing financially and the parties by their joint efforts saved what they had. (8) Her former attorney had not advised her that she had to have witnesses to corroborate her testimony and did not give her reasonable opportunity to prepare her defense. (9) Plaintiff committed a fraud on the court by failing to disclose the fact of the cohabitation of the parties but she was unable to state whether he had informed his counsel of the facts. (10) She made part of her petition for a new trial the allegation of her answer and cross-petition in the action and she could prove plaintiff had been guilty of extreme cruelty and that he had condoned the offenses which he claimed the defendant had committed; and (11) she had never accepted the $2,950 in the hands of the clerk of the district court under the judgment.

Summons was duly issued and served upon the plaintiff and he filed his answer and motion to set aside the petition for a new trial

for the asserted reasons that the petition did not state facts sufficient to warrant the relief sought; that there were no allegations of extrinsic fraud; and that if any facts as to fraud were alleged they were all intrinsic in the orders and final judgment and did not entitle the defendant to the relief sought. On December 11, 1946, the trial court heard the matter upon the plaintiff's answer and motion, and rendered its order and judgment setting aside and holding for naught the defendant's petition for a new trial. Thereafter the defendant again changed counsel and perfected her appeal from the last mentioned order and judgment. We shall refer to the parties as they appeared in the lower court.

In this court the plaintiff has questioned the sufficiency of defendant's specification of errors as presenting anything for review. We shall not discuss the question further than to say though the specification may be a borderline one, the doubt will be resolved in favor of the defendant and the appeal considered.

In her brief defendant dwells at length on the difference between extrinsic and intrinsic frauds and their effects in proceedings for setting aside judgments and for new trials, and directs our attention to some of our decisions. She also cites *Brooks v. National Bank of Topeka*, 153 Kan. 831, 113 P. 2d 1069, and *Johnson v. Schrader*, 150 Kan. 545, 95 P. 2d 273, as holding that duress is a species of fraud.

In our view of the situation as disclosed by the petition for a new trial, and the judgment sought to be set aside, it is not necessary that we discuss at any length the character of the alleged fraud, for whether it was intrinsic or extrinsic is immaterial to a decision. It is clear from the allegations that all that is alleged with respect to cohabitation between the parties was as well known to the defendant as it was to the plaintiff. We need not discuss whether condonation is an affirmative defense, but certainly if plaintiff's testimony either on direct or cross-examination did not disclose facts which would have proved condonation, defendant as a witness in her own behalf, and under her allegation she was such a witness, could have testified fully with respect to such facts. If she elected not to do so, she too deceived the court about a matter she now insists is so important. We do not place any stamp of approval on a party to an action not fully apprising his own counsel and the court of the facts, but where the other party knows of those facts

and fails to disclose them in a timely place and manner, she is hardly in a position to later assert that her adversary is guilty of fraud.

Neither do we find any facts pleaded to justify her pleaded conclusion that she was under duress. At the trial of the divorce action she was represented by her own counsel, she had filed an answer, and she testified. If there was any reason why she did not fully plead and prove her defense, it is not alleged in her petition for a new trial.

The allegations with respect to the value of the property are not sufficient to charge fraud. It is deducible from the divorce decree that evidence of the value of the property was before the court for it made specific findings thereon. That plaintiff's testimony as to the value of that property is not in agreement with defendant's estimate of value, does not constitute facts showing that plaintiff was guilty of fraud in testifying. We do not know just what testimony as to value may have been adduced by defendant at the trial of the divorce action, but we do know that she then had her opportunity to offer testimony as to what she now alleges was its value.

Defendant also charges that her then counsel never advised her that she should get witnesses to corroborate her testimony, and that she was not given reasonable opportunity *by her counsel* in order to prepare her defense and prosecute the action. Giving this allegation the fullest force and assuming its entire truthfulness, there is not the slightest sort of allegation that plaintiff was in any way or manner responsible.

In our opinion the ruling and judgment of the trial court, of which complaint is made, was not erroneous, and the judgment is affirmed.

HOCH, J., not participating.