No. 37,183

Nathan Marks, *Appellee*, v. Lillian Marks, *Appellant*.

(194 P. 2d 935)

Opinion filed June 12, 1948.

*Roy L. Rogers,* of Wichita, argued the cause, and *Joe T. Rogers,* of Wichita, was with him on the briefs for the appellant.

*George Siefkin, Andrew F. Schoeppel, Samuel E. Bartlett, George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, T. E. Woods* and *Robert C. Foulston, Jr.,* all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for divorce and division of property. Judgment was entered granting plaintiff a divorce. A petition for a new trial was filed, heard and denied. On appeal we affirmed that judgment. This appeal is from the judgment of the trial court denying defendant's second subsequent petition for a new trial.

The decree granting plaintiff a divorce and dividing the property was entered June 18, 1946. No motion for a new trial was filed within three days of the decision. We are not favored here with the pleadings in the divorce action upon which the decree was based.

On November 28, 1946, a petition for a new trial was filed. It stated that since the filing of the action until a short time before the granting of the divorce plaintiff and defendant had cohabited and defendant had submitted to this because plaintiff had told her he would put her out of her home unless she did so; that plaintiff fraudulently withheld information of this cohabitation from the trial court; that defendant was under the domination of plaintiff and plaintiff concealed from the court information concerning the true value of his property; that the property where the parties lived was worth $11,000, the business property they owned was

worth $6,000 and the household goods $1,500 and they owned about $4,000 worth of government bonds; that at the time of the marriage they were worth nothing; that defendant's attorney had not stated she should have witnesses to corroborate her testimony; that plaintiff at the time the judgment of divorce was entered committed fraud upon the court by failing to inform it that he had been cohabiting with his wife, thus condoning his grounds for divorce.

All of the allegations contained in her answer and cross petition were made part of this motion. The petition further alleged that the $2,950, which defendant was supposed to receive as judgment, was still on deposit with the clerk of the court.

The plaintiff filed a motion to set aside this petition. This motion was sustained on December 11, 1946. That judgment was appealed to this court, where it was affirmed. (See *Marks v. Marks,* 163 Kan. 454, 182 P. 2d 209.) In that opinion we set out the allegations of the motion we have just discussed, referred to the plaintiff's answer to it and his motion to set aside the petition for a new trial, and pointed out that since the condonation was a matter about which defendant knew as much as the plaintiff and about which she did not inform the court, she was not in position to set the judgment aside on that account. We referred to the fact that it was deducible from the divorce decree that evidence as to the value of the parties' property was before the court and it had made findings thereon. We pointed out she had an opportunity to inform the court as to the value of the property at that time. The opinion affirming the judgment of the lower court was filed July 12, 1947.

The motion we are now considering was filed April 5, 1947. It will be noted it was filed while the appeal from the judgment setting aside defendant's first petition was pending in this court. The present petition asked the court to grant a new trial—first on account of newly discovered evidence; second, that the decision of the lower court was procured by corruption of the plaintiff; and third for fraud in obtaining the judgment. The petition set out that such fraud consisted of Marks having testified in the divorce action that about $4,000 worth of war savings bonds, accumulated by the parties during their marriage, had been disposed of by him a little at a time during the years while the parties were living together as husband and wife, from 1943 until November, 1945, which would be before the divorce action was instituted; whereas in truth these bonds had been cashed all at the same time by the plaintiff

on February 28, 1946; that is, just before the divorce suit was filed. The petition alleged that defendant had not learned of this at the time of the trial and did not discover it until about December 20, 1946, which would be almost six months after the divorce was granted and about thirty days after her first petition for a new trial was filed and after the term of court in which the judgment was rendered, and she could not with reasonable diligence have discovered such evidence, and that further fraud practiced was in the concealment of the location of these bonds and the perjury of plaintiff, as alleged.

Some time after the filing of our opinion in *Marks v. Marks,* supra, the plaintiff filed an answer to and a motion to strike the above second petition for a new trial from the files. It was first a general denial, then a motion to strike it from the files because it did not state facts sufficient to set aside the judgment because it made no allegations showing extrinsic fraud in securing the judgment; that all the issues raised could have been adjudicated in the former petition; and that the filing of the second petition was an attempt by the defendant to split her cause of action. The trial court sustained this motion and set aside the petition. This appeal is from that order.

In the first place for the sake of clarity it should be noted that, while the pleading filed by the appellee was entitled an "Answer and Motion to Set Aside Petition," it is in reality a motion that it be denied, amounting actually to a demurrer; that is, it simply challenged the sufficiency of the petition to entitle the pleador to the relief asked for, even though the allegations of the petition were true.

Six specifications of error are assigned, but they may all be considered under the argument that the trial court erred in holding for naught the petition to vacate the judgment and to grant a new trial.

The appellant argues that this petition states grounds for the relief sought under the provisions of either G. S. 1935, 60-3005 or 60-3007. The former section follows G. S. 1935, 60-3001, 3002 and 3003. These are the statutes dealing with the ordinary motion for a new trial, the motion upon which most of the appeals to this court are based. This motion must be filed within three days after the verdict or decision, a new trial of which is sought.

The legislature evidently realized it would not do to permit a miscarriage of justice if grounds warranting a new trial actually

existed but were not discovered until more than three days after the decision or verdict. Accordingly G. S. 1935, 60-3005, was enacted. It provides as follows:

*"Newly discovered grounds for new trial; procedure.* Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, and more than three days after said verdict, report or decision was rendered or made, the application may be made by petition, filed as in other cases, not later than the second term after discovery; on which a summons shall issue, be returnable and served, or publication made, as prescribed in section 78 (60-2525). The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one year after the final judgment was rendered."

It will be noted this petition may be based on grounds discovered more than three days after the decision but the grounds must be stated in a petition, a summons must be served just as in an action, the grounds stated are considered, denied without answer, a hearing is had and witnesses are examined. This petition must be filed not later than the second term after the grounds were discovered and in any event not more than a year after the final judgment. Substantially the same is true of proceedings brought pursuant to G. S. 1935, 60-3007.

We do not have the pleadings in the divorce case here. We do have the journal entry granting the divorce and dividing the property. From it we gather that the wife, appellant here, was the defendant. The trial court allowed the divorce to plaintiff on account of the extreme cruelty and neglect of duty of defendant, and then proceeded to divide the property apparently allowing as nearly as possible one-half to each party. We may surmise that the pleadings contained allegations as to the property, to which reference was made in the journal entry, and since apparently there was testimony as to bonds it is a reasonable inference there was an allegation in the pleadings as to them even though no reference is made in the journal entry to them.

Appellant argues the plaintiff testified falsely when he stated he had used all these bonds a little at a time during the marriage for living expenses when as a matter of fact he had disposed of

them all at once only a short time before the divorce action was commenced. The argument is that since he actually disposed of them only a short time before the action was commenced he still must have had the cash he received for them at the time of trial and had he testified truthfully in that regard then the court would have taken into consideration this amount as cash in his hands in giving judgment dividing the property of the parties. Appellant argues that this false testimony amounted to fraud so as to require the granting of a new trial under the provisions of either one of the sections relied on.

It is well established that fraud may be the basis of a new trial under this section provided the other elements are present. Most of our decisions turn on the question of whether the fraud relied on was intrinsic or extrinsic, the outcome of each case depending on its own facts. There are decisions holding that where the fraud charged is extrinsic it will require a new trial and where it is intrinsic it will not.

Appellant relies in a large measure on what we said in *Laidler v. Peterson,* 150 Kan. 306, 92 P. 2d 18. She argues that there we did away with the distinction between intrinsic and extrinsic fraud. We find it unnecessary to decide that interesting question. Our examination of both the first and second petitions for a new trial lead us to the conclusion that no relief may be accorded appellant on account of her second petition for a new trial because the fraud relied on by her could have been decided by the trial court on the allegations of the first one. The rule of *res judicata* applies to such petitions, that is, she cannot in a second and subsequent petition for a new trial rely on acts of fraud which could have been litigated on the hearing of the first petition. This rule springs from the necessity that there must sometime be an end to litigation.

The first petition, after the allegations as to the conduct of plaintiff, which defendant argued constituted condonation, contained an allegation that the plaintiff had concealed from the court information as to the true value and amount of his property. Then followed statements as to the value of the property of the parties which placed it at a higher figure than the trial court had placed on it in the journal entry. The petition then contained an allegation, as follows: "That the plaintiff and defendant own approximately $4,000 face value bonds."

It will be noted this allegation made after the entry of the judg-

ment dividing the property stated the ownership of these bonds in the present tense. The inference is clear that she at that time regarded the bonds as in the hands of her former husband and as property the court should have considered at the time of entering the final decree. It is true that in the first petition for new trial defendant seemed to be intent in the main on obtaining a new trial of the issues upon which the divorce was obtained and in the second petition she seems to be intent on a new trial as to the property division. It is clear, however, that had she been granted a new trial in the first petition it would have been a new trial as to all the issues, including property division, as well as divorce. She is seeking to relitigate this one issue now. In *Levi v. Levi,* 149 Kan. 234, 86 P. 2d 473, we said:

"The rule of law is elemental that a right, question or fact directly put in issue and determined by a court of competent jurisdiction cannot be relitigated between the same parties in a subsequent action. . . . This rule has been applied repeatedly and in a great variety of cases." (p. 237.)

See, also, *Stimec v. Verderber,* 152 Kan. 582, 106 P. 2d 708; *Lechleitner v. Cummings,* 160 Kan. 453, 163 P. 2d 423, and *Sisk v. Edmonston,* 163 Kan. 394, 182 P. 2d 891.

Appellant argues that she did not learn until after the trial of the so-called fraudulent act of appellee in selling the bonds just before the action was commenced. Even though such were true the present petition for a new trial is an obvious effort on the part of the appellant to relitigate matters she has already been afforded two opportunities to have decided.

The judgment of the trial court is affirmed.

PARKER, J., dissents.

COWAN, J., not participating.