330 So.2d 441

**Charles Wayne RICKARD**

v.

**Mary K. RICKARD.**

**Civ. 717.**

Court of Civil Appeals of Alabama.

April 7, 1976.

McCollough, McCollough & Landrum, Birmingham, for appellant.

Richard L. Taylor and Van Gamble, Birmingham, for appellee.

**618**

WRIGHT, Presiding Judge.

This appeal arises from a decree divorcing the parties and granting alimony, child support and certain property to the wife. Affirmed.

Wife sued for divorce, alleging adultery. She sought alimony and child support pendente lite. A reference was ordered by the court. The master reported husband's income to be approximately $1,100.00 per month and recommended an allowance of $400.00 per month support and maintenance pendente lite. No exceptions or objections being filed thereto, the report was confirmed by the court.

Considerable evidence was introduced concerning husband's adulterous relationship with a young woman who was 19 at time of trial. This evidence included photographs and letters found in husband's traveling bag and wife's testimony of telephone conversations between husband and the young woman in her presence. Husband explained that he allowed his wife to find the photographs and letters and overhear the conversations to insure that she gave him a divorce. It appears that the desired result was achieved.

The decree awarded the home and newest car of the parties to the wife. She must continue to make payments on these properties. Alimony and child support totaling $400.00 per month were awarded to wife.

Husband's primary argument on appeal is that the case should be reversed because he was not represented by competent counsel at trial. He cites no cases in support of this position and admits that this is a case of first impression. Apparently, husband relies on the many cases concerning adequacy of representation for the criminal defendant. See *Taylor v. State,* 291 Ala. 756, 287 So.2d 901. Even were we to find that husband was not adequately represented below (to the contrary, it appears that his attorney endeavored to make the best of a nearly impossible situation), we would not be willing to grant the relief sought by husband. Cases such as *Taylor* deal with the rights of criminal defendants to effective representation. This right to effective assistance of counsel is based on the Sixth Amendment's guaranty of assistance of counsel. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527. The Sixth Amendment applies only to criminal prosecutions. While an individual should certainly be entitled to effective legal representation in civil suits, to allow a party to obtain a reversal as suggested by husband could create an unmanageable situation. Here the husband was represented by counsel of his choice. There was no allegation of any fraud or collusion by counsel. Nor was it asserted that the opposing party had anything whatsoever to do with what husband calls his inadequate representation.

Under these circumstances courts of other states have held that a losing party is not entitled to a new trial. *Culp v. Culp,* Mo.App., 216 S.W.2d 551; *Marks v. Marks,* 163 Kan. 454, 182 P.2d 885. This position is correct and should prevail in Alabama.

Husband's third and fourth issues presented for review concern the award of alimony and child support. He concedes that there was ample testimony of need by the wife and child to support the award. However, husband says there was no testimony showing his ability to pay and that, because this factor must be considered by

the trial judge in making its award, the case is due to be reversed.

This position is not supported by the record. Before trial a reference was held on the matter of alimony and child support pendente lite. The report of the special master found husband's income to be $1,100.00 per month, net. No objection to the report was filed and it was accepted by the court. Husband introduced no evidence to show that his income had increased or decreased since the report was filed. Therefore, the court was entitled to rely on the evidence of a monthly income of $1,100.00 in fixing alimony and support.

Appellee having moved for an allowance for attorney's fee on appeal, it is considered that she have and recover of defendant the sum of $350.00 as a reasonable attorney's fee for services of her attorney on appeal.

AFFIRMED.

BRADLEY and HOLMES, JJ., concur.